

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-6-2006

# Brown v. Pfaff

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2035

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Brown v. Pfaff" (2006). *2006 Decisions.* Paper 1780.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1780

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-2035
_____

ALBERT JAMES BROWN,

Appellant

v.

DETECTIVE RANDOLPH PFAFF, 7060;
DET. THOMAS P. LOONEY, 6677;
POLICE DEPARTMENT OF DELAWARE

_____

On Appeal From the United States District Court
For the District of Delaware
(D.C. Civ. No. 03-cv-00404)
District Judge: Honorable Sue L. Robinson

_____

Submitted Under Third Circuit LAR 34.1(a)
JANUARY 4, 2006
Before: SLOVITER, SMITH AND VAN ANTWERPEN, Circuit Judges.

(Filed:  January 6, 2006)

_____

OPINION

_____

PER CURIAM

Albert Brown sued Detective Randolph Pfaff, Detective Thomas Looney, and the

Police Department of Delaware, claiming the use of excessive force during the course of his arrest. In his short complaint, he alleged the following: "Det. Randolph Pfaff, came runing up to me and slammed, me to the ground as I layed on the Ground. I was brutally beating in a malicious way." (Complaint at § IV.) He also contended that Pfaff and others kicked and dragged him, causing him permanent injury to his right leg. (Id.) He reported their use of a racial epithet, and their threat that a police dog would bite him if he moved. (Id.) On Defendants' motion to dismiss Brown's complaint for failure to state a claim, or, in the alternative, a motion for summary judgment, the District Court granted summary judgment in favor of Looney and the Police Department. After the remaining parties engaged in discovery, Pfaff moved again for summary judgment, arguing that the force he used was objectively reasonable in light of the totality of the circumstances, and that he was entitled to qualified immunity. The District Court granted his motion. Brown appeals.[1]

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's grant of summary judgment. See Abramson v. William Paterson College, 260 F.3d 265, 276 (3d Cir. 2001). We will affirm, because the District Court properly entered summary judgment in favor of Pfaff, in light of the absence of a genuine issue of material fact.

---

[1]Brown, in his notice of appeal and in his briefs, confines the issues on appeal to those related to the judgment entered in favor of Pfaff. Therefore, we will not consider the judgments entered in favor of Looney and the Police Department of Delaware. See In re Surrick, 338 F.3d 224, 237 (3d Cir. 2003) (holding that the failure to identify or argue an issue in an opening brief constitutes waiver of that argument on appeal).

Pfaff carried his burden to show that no genuine issue of material fact precluded judgment in his favor on the excessive force claims. Excessive force claims are judged under a reasonableness standard. See Graham v. Connor, 490 U.S. 386, 395 (1989). A court must determine "whether officers' actions are objectively reasonable, in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Id. at 397. Pfaff presented evidence, including affidavits and a transcript of police radio transmissions, to show that he forced Brown to the ground in response to reports that a suspect, possibly armed, was fleeing from a house being searched by police. (Appendix to Pfaff's Motion for Summary Judgment, at A-13-14, 150-162.) He also showed that no officer struck, kicked, dragged, or used departmental equipment during the course of Brown's arrest. (Appendix to Pfaff's Motion for Summary Judgment, at A-151, 154, 156, 158, & 160.) He also submitted evidence that Brown did not complain of injuries at the time of his arrest or shortly thereafter. (Id. at A-79-80, 154, 156, & 162.)

In response to Pfaff's motion, Brown did not present any evidence to support his claim. He mostly rested on the allegations of his complaint. Without substantiation, he claimed that Pfaff fabricated the police radio transmissions. Similarly, he argued that a deputy attorney general forged the signatures on the affidavits used by Pfaff. To the extent that he disputed the evidence, he claimed that the statements in Pfaff's affidavit constituted perjury because they differed from Pfaff's testimony at Brown's preliminary hearing and trial. He also contended that the radio transcript did not describe him as the

3

armed suspect.

Based on facts and circumstances of Brown's arrest, as described by Pfaff and not disputed with competent proof by Brown, Pfaff's actions were objectively reasonable. Pfaff did not use excessive force when he tackled Brown, who was attempting to evade capture. Although a careful analysis of the radio transcript reveals that another suspect, not Brown, was described as armed, the police radio transmissions must be viewed in the context of a chaotic police scene, not with the clarity of hindsight. See Graham, 490 U.S. at 396.[2] Also, despite Brown's argument that Pfaff perjured himself, Pfaff's affidavit is not starkly at odds with his previous testimony. (Appendix to Pfaff's Motion for Summary Judgment, at A-38-46, 70-72, 150-152.) Furthermore, although inconsistencies exist, the appreciable difference is the greater detail used in the affidavit to describe Brown's arrest. (Id.)

In sum, there is no evidence on which a reasonable juror could base a finding that Pfaff used excessive force in arresting Brown. Furthermore, as the District Court concluded, in the absence of proof of a constitutional violation, Pfaff was entitled to qualified immunity from Brown's claim of excessive force. For these reasons, we will affirm the District Court's order.

---

[2]In addition, Brown had a watch in his hand (Appellant's Brief at 5), which Pfaff could have mistaken for a weapon.